**Jorge Luis FLORES–SANTOS; Emmanuel Flores–Santos, Petitioners,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

Nos. 03–72931, A70–933–769, A70–933–770.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 20, 2004.

Jorge Luis Flores–Santos, Fontana, CA, pro se.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Emmanuel Flores–Santos, Fontana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, John L. Davis, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

Jorge Luis Flores–Santos and his brother, Emmanuel Flores–Santos, natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") denial of their applications for suspension of deportation. To the degree we have jurisdiction, it is conferred by 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence a factual determination regarding an alien's failure to satisfy the continuous physical presence requirement, *id.* at 1151, and we review de novo constitutional challenges, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We reject petitioners' contention that the Nicaraguan Adjustment and Central American Relief Act violates equal protection by treating differently aliens of various nationalities. *See id.* at 517.

** This disposition is not appropriate for publication and may not be cited to or by the

We also reject petitioners' contention that section 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act makes the stop-time rule inapplicable to aliens in deportation proceedings. *See id.* at 516. Substantial evidence supports the IJ's determination that petitioners did not demonstrate seven years of continuous physical presence. *See Kalaw,* 133 F.3d at 1151.

We do not consider petitioners' contention regarding hardship because the agency did not make a hardship determination and, in any event, we would lack jurisdiction to review such a determination. *See id.* at 1152.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**